United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Howard Michael Caplan, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-61590-Civ-Scola |
| Alfred Joseph Baurley and Kenneth Mathias Baurley, as trustees of the Alfred Joseph Baurley, Jr. trust agreement, Defendants. | ) |

## Order on Defendant's Motion to Dismiss

The Plaintiff brings this lawsuit pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12103, 12181-12205a ("ADA"). This matter is before the Court on the Defendant trust's, through co-trustee Kenneth Mathias Baurley, motion to dismiss (ECF No. 8). The Complaint alleges that the Alfred Joseph Baurley, Jr. trust owns the property on which Mattress Warehouse is located. (Compl. ¶¶ 3, 5.) Although the Complaint specifically identifies numerous architectural barriers that the Plaintiff encountered at Mattress Warehouse, the Complaint states that "[u]pon information and belief there are other current violations of the ADA at Mattress Warehouse." (*Id.* ¶ 16.) The Defendant seeks to dismiss any claims that seek redress for unidentified architectural barriers. (Mot. at 5.)

Courts within this district have held that a plaintiff must have actual knowledge of purported violations of the ADA at the time a complaint is filed. *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357, 1366 (S.D. Fla. 2001) (Moore, J.); *Fox v. Morris Jupiter Assoc.'s*, No. 05-80689, 2007 WL 2819522, at *6 (S.D. Fla. Sept. 25, 2007) (Marra, J.) (citing *Access Now, Inc.*, 161 F.Supp.2d at 1365); *Barberi v. Tara Chand, et. al.*, Case No. 17-21393, D.E. 14 (June 28, 2017) (Gayles, J.) (noting that the plaintiff "may not base his claims on unknown or undiscovered violations."). The Plaintiff acknowledges this case law, but cites to a case from the Northern District of Georgia holding that a plaintiff has standing to challenge all of the architectural barriers that may render a property inaccessible to him, even barriers of which he did not have knowledge at the time the complaint was filed. *Gaylor v. DDR Southeast Abernathy, LLC*, No. 12-cv-4343-TWT, 2013 WL 6051029, at *3 (Nov. 15, 2013). However, that court acknowledged that even other courts within the Northern District of Georgia follow the rule that a plaintiff must have actual knowledge of alleged violations of the ADA at the time a complaint is filed. *Id.* (citations omitted).

The Court finds persuasive the cases from within this district holding that a plaintiff may only pursue relief for those architectural barriers of which he has actual knowledge at the time the complaint is filed. Accordingly, the Court **grants** the Defendant's motion to dismiss those portions of the Complaint that seek redress for violations of the ADA that were unknown or undiscovered at the time the Complaint was filed (**ECF No. 8**). However, this ruling does not preclude the Plaintiff from later amending his complaint, as permitted by the Federal Rules of Civil Procedure, to include violations discovered since the filing of the Complaint.

**Done and ordered** in chambers, at Miami, Florida, on October 27, 2017.

_____
Robert N. Scola, Jr.
United States District Judge